IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEONHA SEYMOUR, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 23-2047 |
| | ) | Magistrate Judge Maureen P. Kelly |
| v. | ) | |
| | ) | Re:  ECF Nos. 22 and 25 |
| PORTFOLIO RECOVERY ASSOCIATES, | ) | |
| LLC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Pending before the Court is a Motion for Sanctions filed by Defendant Portfolio Recovery

Associates, LLC, ("Portfolio"), ECF No. 25, and a Motion to Dismiss the Complaint with

Prejudice filed by Plaintiff Deonha Seymour ("Seymour"), ECF No. 22. For the following reasons

below, Portfolio's Motion for Sanctions will be granted in part, and Seymour's Motion to Dismiss

will be denied as moot.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

    A.      **Seymour's Complaint**

On October 13, 2023, Seymour filed a Complaint against Portfolio in the Court of Common

Pleas for Allegheny County, Pennsylvania, for violating the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. § 1692, et seq. ECF No. 1-1. On November 30, 2023, Portfolio removed

the case to the United States District Court for the Western District of Pennsylvania. ECF No. 1.

The Complaint alleges that Portfolio failed to take appropriate action in response to a

dispute letter purportedly sent to it by Seymour on August 8, 2023. ECF No. 1-1 ¶ 5. The letter,

attached as Exhibit A to the Complaint, is handwritten and amid a seemingly stream of

1

consciousness writing style, the author states, "I saw that your company is reporting that I owe you a sum of money but I just don't think that is correct. I am very sure that I have never been a customer or a client of yours and so I can't imagine how I could owe you anything and I don't think this is right." Id. ¶ 6; ECF No. 1-1 at 13. The letter is signed at the bottom with Deonha Seymour's name. Id. The Complaint alleges that following receipt of the letter, Portfolio had a duty under the FDCPA to reflect the disputed nature of the debt and to communicate the disputed status to all credit reporting agencies. Id. ¶ 7. Instead, the Complaint alleges that on August 28, 2023, Portfolio furnished inaccurate information to TransUnion that a tradeline in the sum of $736 was "PLACED FOR COLLECTION" in violation of the FDCPA, 15 U.S.C. § 1692e. Id. ¶¶ 8-14.

**B.      Identification of Fraud on the Court Committed by Plaintiff's Counsel**

On February 21, 2024, this matter was stayed. ECF No. 15. As reflected in a Notice entered on March 5, 2024, the undersigned "became aware of factual information that may concern or relate to an exhibit attached to the Complaint in this civil action was disclosed at a public hearing before another judicial officer of this Court on February 20, 2024 in Robert Sofaly v. Portfolio Recovery Associates, 2:23-cv-2018, ECF No. 23 (transcript); see also, Damien Malcolm v. Portfolio Recovery Associates, 2:24-cv-53, ECF No. 10 (same)." ECF No. 16. The Court permitted counsel to "file a statement of position in this action … as to such matters." Id.

Sofaly and Malcom involved debtor-plaintiffs who claimed that Portfolio violated the FDCPA by failing to take appropriate action in response to handwritten dispute letters. The letters attached to the Sofaly and Malcolm Complaints are identical in all material respects to the Seymour letter, including the handwriting used to draft the letters and the model number of a television each plaintiff allegedly considered purchasing in a transaction unrelated to the dispute at hand. Counsel

for Seymour represented plaintiffs Sofaly and Malcolm, and Portfolio was represented by the same counsel in each case.

As described by the United States Court of Appeals for the Third Circuit, Sofaly and Malcolm's counsel "sent made-up, handwritten dispute letters to manufacture violations of the Fair Debt Collection Practices Act by a debt collector, hoping to recover statutory attorney's fees. Once the District Court smelled the scheme, it properly sanctioned the attorneys for engaging in a 'campaign of deception.'" Sofaly v. Portfolio Recovery Assocs., LLC, 155 F.4th 289, 292 (3d Cir. 2025).

> Under the FDCPA, when a creditor notifies credit bureaus about a consumer's debt, it must disclose whether the debt is disputed. 15 U.S.C. § 1692e(8). If the creditor fails to do so, the consumer can sue and recover up to $1,000 in statutory damages plus costs and reasonable attorney's fees. § 1692k(a)(2), (3).
>
> J.P. Ward & Associates is a debt-defense law firm that handles many § 1692e(8) claims. To "scal[e]" up its practice and get more fees, named partner Joshua Ward and lawyer Travis Gordon hatched a scheme. Appellants' Br. 4. If a client approached the firm to dispute a debt, the firm would get his permission to send the creditor a handwritten letter supposedly signed by the client himself.
>
> Each "client letter" used the same template. Most of it was gibberish, alluding to "confusing times," lamenting how "difficult [it was] for [the writer] to stay on top of everything," and complaining that someone was trying to sell the writer a "crazy XR 65A80K thing" (presumably a TV). See infra A1–A2. Nestled amid this nonsense, the form letter obliquely referred to disputing a potential debt: "I saw that your company is reporting that I owe you a sum of money, but I just don't think that is correct." Id. The firm would then sign the client's name and send the disorienting letter to his creditor. If the creditor or the debt collector who bought the debt did not then mark the debt as disputed, the firm would sue.
>
> Why handwrite a stream of consciousness? Why ape Joyce, not Hemingway? Ward and Gordon told the District Court exactly why. Debt collectors get floods of debt disputes. Ward and Gordon theorized that debt collectors process the deluge by using software. They assumed that software could flag clear, meritorious disputes, especially in typed letters, but not in handwritten ones stuffed with fluff and guff. So they wrote letters by hand to boost the chances of not getting a response. That would create a successful § 1692e claim and a payday. In other words, the letters were designed not to succeed in disputing a debt, but to fail.

3

Sofaly, 155 F.4th at 292–93.

For this conduct, the Third Circuit affirmed the District Court's imposition of sanctions that included dismissing both cases with prejudice because the attorneys and their firm "violated Rule 11 by submitting complaints based on misrepresentations and half-truths to harass Portfolio, increase its litigation costs, and gin up attorneys' fees. Fed R. Civ. P. 11(b)(1)." Id. at 293–94. The Third Circuit also affirmed the District Court's imposition of Portfolio's attorneys' fees and costs on counsel and their firm pursuant to the District Court's inherent authority to sanction "lawyers who act in bad faith or commit fraud on the court." Id. (citing Chambers v. NASCO, Inc., 501 U.S. 32, 46 (1991)).

Separately, on August 4, 2025, the Disciplinary Board of the Supreme Court of Pennsylvania filed a Petition for Discipline against Attorney Ward, 102 DB 2025, and Attorney Gordon, 103 DB 2025.[1] The petitions relate to counsel's identical litigation strategy and conduct in five actions initially filed by counsel in the Court of Common Pleas for Allegheny County, Pennsylvania. The Disciplinary Board charges counsel with violating the Pennsylvania Rules of Professional Conduct and requests the appointment of a Hearing Committee to recommend appropriate disciplinary action. Pleadings in both proceedings are closed and the matters await appointment of a Hearing Committee.

### C.     Pending Motions

After review of the comprehensive opinion entered by (now) Chief District Judge Cathy Bissoon in Sofaly and Malcolm on August 5, 2024, the undersigned conducted a status conference in this action on August 13, 2024. ECF No. 18. Seymour's counsel told the Court that the

---

[1] See Off. of Disciplinary Counsel v. Ward, No. 102 DB 2025  (Aug. 4, 2025), https://www.padisciplinaryboard.org/for-the-public/find-attorney/attorney-detail/320347; see also Off. of Disciplinary Counsel v. Gordon, No. 103 DB 2005 (Aug. 4, 2025), https://www.padisciplinaryboard.org/for-the-public/find-attorney/attorney-detail/328314.

misconduct identified by Judge Bissoon mirrors the firm's litigation of Seymour's action. Thus, he requested that the Court dismiss this action pursuant to Federal Rule of Civil Procedure 41. Id. Counsel for Portfolio requested that the Court stay dismissal to provide an opportunity to consult with her client to determine whether sanctions would be pursued. The Court granted that request. Id. Thereafter, Portfolio filed a Notice telling the Court that it intended to file a Motion for Sanctions, and the Court issued a scheduling order. ECF No. 19; ECF No. 20.

Seymour's counsel followed with a Motion to Dismiss Complaint with Prejudice. ECF No. 22. Portfolio filed a response and stated that it "opposes a wholesale dismissal of this case with no further proceedings" to permit the Court to hear and adjudicate its motion for sanctions. ECF No. 24.

Portfolio filed the pending Motion for Sanctions, briefs and exhibits in support, and counsel for Seymour filed their response in opposition to the Motion. ECF Nos. 25-29. On October 15, 2025, Portfolio filed a Notice of Supplemental Authority to advise the Court of the Third Circuit's September 22, 2025 Opinion in Sofaly and Malcolm that affirmed the District Court's imposition of sanctions against plaintiffs' counsel and their law firm.

The parties' motions are ripe.

## II.    DISCUSSION

As conceded by Seymour's counsel, the underlying conduct that subjected each of them and their firm to sanctions in Sofaly and Malcolm is identical in all relevant respects to their conduct here. As a result, counsel assert, this action is "no longer viable." ECF No. 22 ¶¶ 3, 5.

Rule 11 of the Federal Rules of Civil Procedure allows the court to issue appropriate sanctions against an attorney or party "who file[s ]pleadings for an 'improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.' Fed. R. Civ. P.

11(b)(1). Implicit in Rule 11 is a 'duty of candor, which attorneys violate whenever they misrepresent the evidence supporting their claims.'" Sofaly, 155 F.4th at 293 (quoting Wharton v. Superintendent Graterford SCI, 95 F.4th 140, 140 (3d Cir. 2024)). Despite their obligations to the Court, opposing counsel, and their clients,

> Ward, Gordon, and their firm violated Rule 11 by submitting complaints based on misrepresentations and half-truths to harass Portfolio, increase its litigation costs, and gin up attorneys' fees. Fed R. Civ. P. 11(b)(1). The complaints, which the lawyers verified under penalty of perjury, claimed that Sofaly and Malcolm had personally sent Portfolio letters disputing their debts. But those letters were really written, signed, and sent by the firm. And the firm used a script with "oddly specific" and "strange" details designed to confuse. App. 21. At root, the complaints were not what they purported to be—claims by frustrated debtors who had tried unsuccessfully to dispute their debts. The letters' real goal was just the opposite: to fail at disputing those debts, teeing up § 1692e violations to benefit the firm. So the court did not abuse its discretion by dismissing with prejudice and imposing nonmonetary Rule 11 sanctions. Cf. Scott v. Vantage Corp., 64 F.4th 462, 472–73 (3d Cir. 2023) (affirming Rule 11 sanctions where lawyer filed complaints lacking factual support with the improper purpose of forcing settlements).

Id. at 293-94.

The Third Circuit also affirmed the District Court's use of its inherent authority to award attorney's fees and costs.

> The Supreme Court has long recognized federal courts' inherent power to protect the integrity of their proceedings. United States v. Hudson & Goodwin, 11 U.S. (7 Cranch) 32, 34, 3 L. Ed. 259 (1812); Ex parte Burr, 22 U.S. (9 Wheat.) 529, 531, 6 L. Ed. 152 (1824). That includes by awarding fees and costs against lawyers who act in bad faith or commit fraud on the court. Chambers, 501 U.S. at 46, 111 S.Ct. 2123. That is exactly what the court did. It found that the lawyers had intentionally engineered a scheme to mislead Portfolio into violating the FDCPA—misleading the court into believing that the letters were legitimate attempts to dispute a debt in the process. App. 29; see also App. 21–22, 26. Such conduct "defile[s]" the "temple of justice" and mocks the adversarial process. Universal Oil Prods. Co. v. Root Refin. Co., 328 U.S. 575, 580, 66 S. Ct. 1176, 90 L. Ed. 1447 (1946). The court properly awarded fees and costs to compensate Portfolio for the expense of defending these contrived cases.

Id. at 295.

6

Here, counsel confirm that Seymour had no role in their misconduct. Id. at 20 ("Both Attorney Gordon and Attorney Ward testified clearly that these were not the consumers' verbatim words. It is true that these form letters, or scripts, existed before the attorney-client relationship. We matched the consumers to the opinions or form letters."). Yet counsel seek to shift responsibility to Seymour based on her review of a signed representation agreement that they assert evidenced her "informed consent" to send a dispute letter designed to mislead Portfolio and the Court. Id. at 28.

Beyond their deflection of responsibility, Plaintiff's Brief in Opposition to Portfolio's Motion for Sanctions reflects counsel's ongoing refusal to accept responsibility for their unethical conduct. ECF No. 28 at 29 ("[w]ithout belaboring the case law and arguments that Plaintiff has pleaded regarding the FDCPA; the research, investigation, and experience on behalf of J.P. Ward & Associates was well-grounded and extensive. See The Complaint was not filed to harass the Defendant, only to pursue a bona fide FDCPA claim." (*sic*)). See also id. at 25 ("With all due respect, we are in this instance constrained to point out, it is evident, in light of Judge Bissoon's opinion in Sofaly and Malcolm, that the proceedings thus far have lacked impartial, in-depth legal analysis and reasoned judicial scrutiny.").

The Court concludes that, as in Sofaly and Malcolm, counsel's conduct in filing a lawsuit that "[was] corrupt at [its] inception" in violation of Rule 11(b)(1). Sofaly v. Portfolio Recovery Assocs., LLC, No. 23-2018, 2024 WL 3652866, at *6 (W.D. Pa. Aug. 5, 2024), *aff'd*, 155 F.4th 289 (3d Cir. 2025). Pursuant to Rule 11(c), sanctions are warranted against counsel and their law firm.

Rule 11(c) provides that a sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include

7

nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c). Based on counsel's response to the pending motion, the Court is not assured that deterrence would occur in the absence of sanctions. That said, given the monetary sanctions imposed on counsel and their firm in Sofaly and Malcolm, the precedential opinion affirming those sanctions issued by the Third Circuit, and the pending state disciplinary proceedings, further monetary sanctions under Rule 11 or pursuant to the court's inherent power to protect the judicial system are not required. Thus, this action is dismissed with prejudice, without the imposition of additional monetary sanctions.

## III.    CONCLUSION

For the foregoing reasons, Portfolio's Motion for Sanctions ECF No. 25, will be granted in part, and this action will be dismissed with prejudice. Plaintiff's Motion to Dismiss the Complaint with Prejudice, ECF No. 22, will be denied as moot.

A separate order follows.

Dated:  December 22, 2025                    BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:     All counsel of record via ECF